Next case, Boudy v. McComb School District. Mr. Torrance. Good morning, Your Honors. May it please the Court. My name is Coleman Torrance, and I have the pleasure of representing Ms. Daphne Boudy Appellant. District Court erred when it dismissed Ms. Boudy's case with prejudice, because Ms. Boudy was an unrepresented, pro se, indigent litigant, whose competency had been put in substantial question by the District Court itself. There are two paths for reversal in remand, which is what we seek. First, Ms. Boudy has appealed the Rule 41 decision, and we believe the simplest course of this Court for reversal in remand is to find that the District Court did not comply with this Court's long-standing precedence for dismissal with prejudice. Alternatively, the Court may find that the District Court erred under Rule 17c, by sanctioning a pro se litigant whose competency was in substantial question with dismissal with prejudice. The second path is also consistent with this Court's precedence, and we believe is mandated by the Federalism Civil Procedure. We would offer opportunity for this Court to give guidance to District Courts dealing with an important issue that involves due process rights. I'm going to talk about the Rule 41b path first. The District Court sanctions order explicitly states that Ms. Boudy's case is being dismissed with prejudice pursuant to Rule 41b. The Court has emphasized that dismissal with prejudice is an extreme sanction that deprives a litigant of their opportunity to pursue their claim. Accordingly, this Court has said it will only affirm dismissal with prejudice when two elements are met. First, there must be a clear record of delay or consummation of conduct. And two, the District Court must have expressly determined that lesser sanctions would not prompt diligent prosecution. Or, the record shows that the District Court did employ lesser sanctions, and those proved to be futile. That's buried. At minimum, we would ask that the Court today reverse remand further proceedings that are consistent with the standard articulated in burying. I'm going to discuss the elements in burying in reverse order. Let me ask one question. Are you confident that if all we said was dismiss without prejudice that limitations is not run? No, Your Honor. I believe that the sanction limitations has run. Okay, that's why I thought I misunderstood you when you said a remedy would be to dismiss without prejudice. Your Honor, I think the remedy would be to reverse remand so that the District Court... It's true that there would have to be considered lesser sanctions, and one of those lesser sanctions would not be dismissal without prejudice because you're correct, the sanction limitations would be passed according to the record. That's what I thought. I just wasn't clear what you were asking us to do. Yes, Your Honor. So the lesser sanctions element is unmet. Nowhere in the sanctions order does the District Court consider lesser sanctions or find that they would not prompt diligent prosecution. Nor does the record show that the Court employed lesser sanctions that proved to be ineffective. Appellants will point out, as they have in a brief, the District Court in a cause order did warn the appellant that failure to comply could result in dismissal. And it's true that this Court has found that a warning may be considered a lesser sanction. But for prior warning to satisfy the standard set forth in burying, the futility of lesser sanctions element, the warning must be accompanied with sufficient time for the litigant to comply with the Court's order. The Court considered futility of lesser sanctions and the effectiveness of warnings in Thrasher. In Thrasher, there was both a warning dismissal and a six-month period of inactivity following the following motion to dismiss. Judge Hirschman wrote to the Court, Because the District Court's warning dismissal and grant extensions accompanied by generous allotments of time did not influence Thrasher to effect service properly, we cannot say that the District Court abused its discretion in dismissing Thrasher's claim. As we've set forth in our brief, this is not a case involving a prolonged period of time, a period of noncompliance. Fellows have emphasized the number of orders issued by the District Court that are at issue. But most of the decisions considering Rule 41 meet dismissal prejudice, speaking periods of noncompliance that are measured in months, if not years. Here, the entire period of noncompliance is a mere 61 days. That's how much time elapsed between the examination order and the sanctions order. We do not believe any case that's been cited by either party in the briefs that this Court has affirmed dismissal under those circumstances. The test is disjunctive under Verity. Both elements have to be met for the Court to affirm. We do not believe either of those elements is met. So how many instances were there of failure to show up? There was the two calls, there was the examination order, which we never got to an examination because the first step was for the appellant to, within five days, consult with opposing counsel. I believe after the appellant did not confer within the five days, there were two cause orders that issued for noncompliance with the examination order. And so there's the examination order that required the appellant to confer and to take other steps that were never reached, and there were the two cause orders, Your Honor. So is that three or four? That's three. There might have been a status conference that was set. That was not referred to in the sanctions order itself as an instance of noncompliance, I believe. So I believe it's three orders that we're dealing with on the record. The clear delay and contumacious conduct element. It requires one of two things, clear delay or contumacious conduct, either will satisfy. Delay is not just any delay. It must be significant, as the Court has said, bordering on egregious. The 61-day period we have here does not meet the delay standard, as it was applied in Brownsville. The District Court found that Ms. Boudy's conduct was contumacious, but the finding is unsupported by the record. In Millen, this Court has said that it does not matter how careless or inconsiderate or exasperating a litigant's conduct is when considering whether it's contumacious. What's required is that it be willful and stubborn defiance of the Court's orders. Ms. Boudy's responses filed in the record to the examination order and the cause orders explicitly indicate that she lacked the physical and mental capacity to conform with the Court's rapid-fire orders. It was not a matter of, I will not comply. It was a matter of, I cannot comply. I've been hospitalized for shingles. I've been having panic attacks. The mental and physical disorders that I have do not allow me to, on the time frames allowed by the Court, comply with this Court's orders. I don't believe that the record shows that Ms. Boudy's conduct qualified as contumacious. Accordingly, it's our position that the very standard, both elements of the very standard, are missing. Well, didn't the Court say what you need to do is ask for a continuance and accompany by a doctor's order? I, there might have been a mention of that, Your Honor. I don't believe that, I'm unaware of where that is in the record, Your Honor. I believe what the district court said was the litigant has failed to comply with the repeated orders and that's contumacious conduct warranting dismissal with prejudice. That's our first basis for reversal on demand, but there's a more important issue for the court, which is the second basis, and that's the Rule 17C Act. The district court erred in sanctioning an unrepresented, but again, whose competency was in substantial question, with dismissal with prejudice. We urge this court to simply adopt the Ninth Circuit's rule as articulated in Crane v. Smallwood. The rule is as follows. When a substantial question exists regarding the competency of an unrepresented party, the court may not dismiss with prejudice for failure to comply with an order of the court. The Ninth Circuit crafted this rule with guidance from this Court's decisions in Bobner and Roberts. The rule protects incompetent persons as required by Rule 17C and is consistent with principles of due process and self-representation. The rule is modest in scope. Incompetency is relatively rare. The rule also continues to afford ample discretion to the district court. If this court adopted the rule as proposed, on remand the district court could do one of three things. One, the district court could appoint a lawyer to Ms. Bowdy. Two, with appropriate notice, it could set a hearing to determine Ms. Bowdy's competency, with or without the benefit of medical examination. Or three, with appropriate notice, the district court could set a hearing to determine whether a guardian ad litem should be appointed. In each of these cases, Rule 17C's mandate that incompetent persons be protected by appropriate order would be fulfilled. I'll discuss each of these three options for the district court. If this court were to adopt the Cranby-Smallwood rule in succession. When you're doing that, could you also consider, I think it's Rule 15, even if the judge could have done this under Rule 15, right? Could have ordered examination. Rule 35. I'm sorry, Rule 35. I can't remember which. Y'all are saying Rule 35 requires a motion. 17, it does not require a motion. Is that correct? Correct, Your Honor. So, Rule 17C is a very... So, you're saying even had the judge gone under 17C, you're talking about due process at this point. Correct, Your Honor. Rule 35, the Bodner decision is instructive and we're not arguing that we're... I don't doubt whether this is distinguishable. I didn't deal with the situation because the litigant in Bodner was represented by Johnson. Here we have an unrepresented person, which is why we're in the Crane territory. The Bodner court said clearly that if there's a substantial question as to competency, the district court is within its discretion to order an examination. We don't disagree with that principle. We believe that since the court invoked Rule 35, it had to afford the minimum protections that any litigant would get under Rule 35. And not deprive them just because the litigant was a... unless you're being confident. If anything, I think that an incompetent person should be afforded more opportunity to be heard, more notice than any other litigant proceeding under Rule 35. We're arguing that because the competency that the Supreme Court has acknowledged can be considered a stain on someone's reputation. And we have to look at this with heightened scrutiny. So the first option, appointment of counsel, is explicitly discussed in Crane. And this court has acknowledged that the appointment of counsel may be sufficient protection for an incompetent person under Rule 17c. Rule 17c, the text of it, mentions the appointment of a guardian ad litem, but it also mentions other appropriate order to protect incompetent persons. We believe appointment of counsel would be consistent with the form of relief Ms. Boudy herself has requested, and is permissible given her indigent status. If Ms. Boudy was appointed counsel, this would take us out of Crane's facts and put us back in the Bodner. And if she still refused to comply with an examination if the court determined it was necessary, then under Bodner, there would be no prohibition from dismissing her case. The second option under the Crane Rule is for the district court to order a competency hearing. It's true that with sufficient notice and opportunity to be heard, a district court can order a medical examination to determine a litigant's competence when it's in substantial question. But Rule 17c does not require an examination. The D.C. Circuit, in the case Svredze v. United Arab Emirates, a case of non-member briefs, and I can supply it with a Rule 28J letter, has acknowledged that other evidence can support a competency determination when a litigant refuses examination. In that case, there similarly was a pro se litigant, or litigant who was no longer represented by counsel, who refused to submit to medical examination. The D.C. Circuit reviewed Crane and acknowledged the district court was in a difficult position when a litigant who was pro se refused to submit to medical examination. But it said it was proper, it acknowledged first that under Rule 17c, the district court could properly look at other evidence besides for a medical examination and determine the litigant's competency. So there's nothing prohibiting the district court from ordering that there be a competency hearing, giving Ms. Fowdy a reasonable notice that this hearing is going to occur, and allowing her to appear. At that hearing, with consideration of the record for filings and everything else, the court can make a determination of competency. The third option in the Cranby-Smallwood Rule is to set, with notice and opportunity, a hearing just to appoint a guardian ad litem. Again, there's due process concerns, and as animated, this starts a decision when appointing a guardian ad litem, because it implies, at least, that a person is incompetent. But upon affording an opportunity to be heard, a court may appoint a guardian ad litem for a litigant who refuses to submit to examination. This is the course of action that the D.C. Circuit recommended on remand to the district court. To be clear, our request today is that this court reverse remand to the district court after adopting the Cranby-Smallwood Rule. We believe that it would be appropriate for this court to give direction to the district court to appoint counsel to Ms. Fowdy so that the concerns of both 17C are addressed and the case can be adjudicated fairly on the merits. Unless this court has any more questions for me, I'd like to preserve the balance of my time. Yes, you've saved time for rebuttal. Thank you, Mr. Jordans. Ms. Joyner? Good morning, Your Honors, and may it please the court. My name is Mary Clark Joyner, and I represent the athletes in this matter, which is the McComb School District and its board and Principal James Harvey. The court should affirm the district court's sanction of dismissal because every factor that this circuit considers in whether to uphold a dismissal as a sanction is present here. The circuit has explained the tests for examining the sanction of dismissal. First, was there a clear record of delay or contumacious conduct by Ms. Fowdy? And the answer in this case is undoubtedly yes. Contumacious conduct or behavior is defined as an actor's stubborn or willful disobedience to authority. We're not speaking about mere negligence in this matter. Also, this court's standard of review, of course, is abuse of discretion, and the district court's findings below are entitled to a very high standard of deference, as this court knows. It cannot be overstated that the district court found in its order of dismissal that in his 30 years career on the bench, it had never seen a clearer case of a party ignoring the court's orders, showing contempt for the court, and causing waste of judicial resources and other parties' time and money. And indeed, the circuit has explained that in reviewing under such a standard that the question on appeal is not whether this court would have applied the same sanction, but whether, as an original matter, but rather only whether the district court abused its discretion in so doing. And as an initial matter, I wanted to address Judge Richman's questions. Your Honor, you are right that the district court advised Ms. Fowdy to file a motion for a continuance for that second show calls order, the one that was demanded to be in person in Hattiesburg, with a copy of a doctor's note if she could not comply. And actually, Ms. Fowdy responded via email and said that she would not be so doing. And that is just one of the several examples of obstinance and the stubborn disobedience of authority of the court's order. Ms. Fowdy is also correct, though, that the test, the Berry test, is conjunctive. So there has to be a clear record of delay or contumacious conduct, as well as the idea that lesser sanctions would not serve the interest of justice. But Ms. Fowdy is incorrect that those lesser sanctions were not contemplated by the district court. Specifically, the district court recounted everything that had been going on from the very, the genesis of this case, Your Honor, which was back in April of 2023. A whole year had passed before Ms. Fowdy actually effectuated service on behalf of, on the defendants. And so that is also a clear record of delay procedurally. But the other question, I think, Judge Richmond, you also had was how many orders were there or how many directives were there? And it was four. And so there was the examination order, which required first just to consult with counsel to determine the next steps. And once that did not occur, I let the district court know that I was unable to confer with Ms. Fowdy. And so then the district court immediately set a telephonic status conference. And Ms. Fowdy did not call into that. There was many emails sent to her and to me related to our availability. And after that telephonic conference was conducted with just me and the district court and the deputy on the line, the court, the district court then set the first, issued its first show calls order and set an actual show calls hearing. And that was one where I ultimately was provided the option to do that by Zoom, as was Ms. Fowdy. And that one again showed up and Ms. Fowdy did not. And that led to the second show calls order, which was supposed to occur in person. And that is where Ms. Fowdy specifically stated that she would not be showing up and just told the court that she would not be filing any other motions in the case. And I still went to Hattiesburg, as my colleague Attorney Day did, and there was a hearing on the record and Ms. Fowdy was not there. So those are the examples of the disregard for the court. And if such, if Rule 41B cannot be implemented in a case under these facts, then the district court, I'm at a loss as to what the district court should have done or should have, what this court would suggest in such a circumstance. And so there's also the Atlantic sounding versus Fettersen case. It's very similarly, it's very factually analogous. And that actually talked about the fact that though there was not an explicit discussion about why lesser sanctions would not do, but in that case, the Fifth Circuit affirmed what the district court did, which was the fact that the district court warned the plaintiff in a prior order that if complying with the court order was not on the table for the plaintiff, then their case could be dismissed. And that in of itself is showing that lesser sanctions would be futile in such a circumstance where a pro se plaintiff chose to do what she wanted and chose to disregard the court's orders on multiple occasions. What sanctions other than dismissal or monetary sanctions would have been available to the district court? Your Honor, I mean, I don't know besides, you know, dismissal without prejudice would work. But as we discussed, you know, this is a Title VII case and those, whenever 41B is implemented, this court has talked about how that doesn't toll that 90 day limitation for when a plaintiff can file a Title VII under the, after getting that 90 day right to sue letter under with the EEOC. And so there was that. And then, you know, I want to discuss a little bit about that there's the sanction of dismissal as well as the implementation of attorney's fees. And I think those are separate issues. Well, not separate issues, but those were implemented for two different reasons. So the court was well within its discretion to dismiss the complaint based on the record below and did so because of the contempt finding that the court made. But then the attorney's fee award to the district was in relation to specifically just that second show cause order where counsel expended the time and resources to travel from Jackson to Hattiesburg and attend that show cause order that was, of course, implemented only because Ms. Bode had failed to communicate to the court. What about, what does the record show about her ability to pay attorney's fees? She's, I believe she, in all of her filings, she sort of has that same preamble talking about how she has Social Security fixed income. As a practical matter, I don't think the district is, I don't think it's intending to see any of the money that was awarded. But to that question, Your Honor, this court has discussed how that shows why even a monetary sanction as a lesser sanction isn't available or it would not actually deter the conduct from reoccurring here. Because if it's an indigent plaintiff, they cannot pay and so they get to just continue with their case. And so I can't recall what that case is, Your Honor, but it is in the case law that's in our briefs, Your Honor. But there's the idea that that lesser sanction wouldn't justify the conduct that occurred here. And again, I want to touch on those three aggravating factors on Berry as well, because I believe Ms. Bode says that they don't really, those elements aren't satisfied, but in fact all three of them are. And so the first one is delay caused by the plaintiff herself and not by counsel. Obviously that element is present here. There's actual prejudice to the defendant with this case from its inception, honestly, but just the time and resources expended and being able to litigate this matter has been a struggle from the very beginning. And obviously the third factor is delay caused by intentional conduct, which again, the district court laid out very well in its order. I also want to just mention, there's obviously the alternative argument with what Ms. Bode asked for relates to the Ninth Circuit test and whether or not competency was considered in a bigger way than what it was. But so the dismissal here was not based on her failure to sit for examination order. What we see in on page, or the record 1293, that's the order of dismissal. The very first sentence says that this cause is before the court on the order to show cause document 122, entered by the court on June 27th, 2024. That show cause order was the first one, and it is the one where the court specifically warns Ms. Bode that she's opening herself up to the ability to get her case dismissed if she continues to refuse to engage with the court and its directives. So the district disagrees with the fact that this was a dismissal based on the examination order's entry. But in fact, it was based on the show cause order, where Ms. Bode just continually failed to talk with the court. I also want to highlight that the court did make a specific finding that it believed that Ms. Bode was attempting to create a false paper trail, so effectively perpetuating a fraud onto the court. And in such a circumstance, that again highlights why 41B was a completely appropriate sanction with prejudice, effectively, because of the Title VII issue. And to step back from this case, Your Honors, not from the case, but from the facts that we're about today, Ms. Bode, her competency, I mean, she filed extensive motions. She actually filed a motion to reconsider after the district court had granted the district's first motion to dismiss for ineffective service. She rightly and properly argued that it would have been effectively a dismissal with prejudice. And so the district court Judge Sterritt reversed his own decision and said, you know, you now can have another opportunity to serve the district. And it was right after that where Ms. Bode filed these motions to disqualify and again, just kind of amped up the case in a way where she was in a posture to completely work towards a resolution to her case and litigate it. And then she effectively just decided to stick her head in the sand after the district court asked for her availability for over six weeks. And I mean, that's a clear record of delay from the district's perspective, even though it's not as egregious as other delay. But I think that delay coupled with the actual conduct of Ms. Bode shows, I mean, it's a perfect case of why the 41B exists and why the court is able to have its own ability to manage its docket and to dismiss cases in the proper circumstances. The judge hit every single reason and it was very well reasoned. And so from the district's perspective, there's no reason to reverse. There's no reason for this court to consider Crane. There's no reason for 17C to be implemented at all. Is there anything that the court has? All right. Thank you, Ms. Joyner. I have one more question. I want to be clear on your position on attorney's fees. If we were inclined to disaffirm but not as to attorney's fees, what would you suggest? If you were a judge, how would you write that order? Your Honor, I think I would say that 41B allowed for the most severe sanction and that included the dismissal itself. The district would accept the affirming of the dismissal. And on the attorney's fees aspect, I guess there could be reasons for the fact that due to the unlikeliness that the pro se plaintiff could pay, that it's simply more punitive than even simply dismissal. And so it's kind of beating a dead horse in a way. And so if the court were to simply, you can affirm the dismissal and reverse the award of attorney's fees. I think we had moved to dismiss under Rule 41 ourselves. And then the court denied that without prejudice because the case was still actively stayed. And we also had requested attorney's fees because I think we are entitled to them. But again, as a practical matter, I'm not sure that $833 is going to be dispositive. So that's what I would say. If that's helpful at all, I'm not sure. If there's no other questions, I'll limit my time. Yes. Thank you, Mr. Honor. Thank you. Mr. Torrence for rebuttal. Thank you, Your Honor. I'll start with the addressing the point that the sanctions order doesn't deal with the examination order. The sanction order explicitly discusses the examination order. Judge Sterrett wrote, The court entered an order sui savante, docket number 114, order in this case be stayed because of concerns that the court had regarding the mental competency of the plaintiff, Ms. Daphne Bowding. The court ordered that Ms. Bowding, this is in the first paragraph, be examined by a licensed forensic psychologist or psychiatrist within 35 days of the order. The order further provided for costs and the process for deciding who the psychologist or psychiatrist would be. The court would receive an order, a copy of the evaluation for the terms of the order. Ms. Bowding refused to comply with the order in spite of the fact that the other two attorneys representing the defendants were notified or their way to proceed and comply with the court's order. The examination order is at the heart of this. An examination order was not properly entered. It's correct that when there is a question, a substantial question as to competency, that examination may be appropriate. But that examination order, the first step should not be potentially insane litigant. You have five days to go confer with the sophisticated attorneys of the opposing side and with them, choose the doctor that's going to examine you. That is a step towards nothing that resembles due process. All right, let's say we agree with you. But can we conclude that her not showing up at the two Show Cause orders, one of which could have been by Zoom, the district court saying if you can't come because you're physically impaired, file a motion for continuance with a note from your physician attached. Failing to do that, could the court dismiss, find that's a consummation conduct and affirm the dismissal on that basis alone? No, Your Honor. Why not? Well, 17C, I'll address one factor point. When I was conferring with my colleague, I did recognize what you're referring to, Your Honor, which was that there was an email from the deputy clerk indicating his daughter should file a motion. That was not an order from the court saying that she should file a motion. I want to clarify that that is in the record. That's why I hadn't identified it before. On the factual, on the legal substance of it, Rule 17C says that court has an obligation to protect incompetent persons. It has to. The first solution is appointing a guardian ad litem. The same rule also provides discretion to the court to provide other appropriate relief. I recognize that in this case, we do not have someone who's been adjudicated to be incompetent. And one of the things that's frustrating about this record is there's no discussion of what competency is. Under this court's precedence, it's incompetent to litigate under the law of the jurisdiction. So there should have been an adjudication as to whether she was incompetent or not under the law of Mississippi. We don't have that in the record. But in order to protect persons who have not been determined to be incompetent, but there's a substantial question. It's not a situation where a litigant is saying that, you know, just alleging mental illness. The district court itself said that there's a substantial question. It's sufficient enough to order a Rule 35 examination. In that circumstance, what Crane says is that we have to ensure that a person is not, who is insane or incompetent, is not being punished for their incompetence, for their inability to understand the court's orders and comply with it. And so what Crane says, when there is a substantial question as to competency, district court, you cannot dismiss the prejudice for failing to comply with an order of the court. I think that rule provides minimum protection that is necessary under an interpretation of Rule 17c. I'm just thinking how this might play out in district courts across at least our three states. We get a lot of pro se litigants that file things that you might think a competent person would not say that or do that. Are you saying that a district court, when it gets those kinds of pleadings, can't just, you've got to have a competency hearing before you can dismiss their case? No, Your Honor. There's actually a decision, and I will, interpreting Crane, again, I can submit a Rule 28j letter. From the Second Circuit that I will supplement, they deal, I don't know how much time is left, but charge me for the finishing answer, that deals with implementation of the Crane rule. And in that case, it's actually different. It dealt with a litigant whose case was dismissed, and they had put the issue of mental illness into the record. And then after their case was dismissed, they said, they alleged a few different options for, different arguments for overturning the adverse result. But one of them was, court, you should have determined from my pleadings that I was an incompetent person and taken appropriate relief. And what the Second Circuit said was, it didn't adopt Crane because it wasn't before it on the facts. It said, Crane is a totally different situation. All that Crane says is when the district court itself, sui sponte, determines that there's a substantial question as to mental competency, in that case, you can't dismiss. It would be unworkable for every district court to floor through pleadings and determine, oh, there's a substantial question, I better take proactive action in Rule 17c. But when it gets to the level when the court itself is saying, I am going to stop your case and question your ability to self-represent, at that point, it's inappropriate for the court to sanction that person for failing to comply with the court order, even if the order itself is to comply with mental examination. That also is dealt with in the Sturza case, which the D.C. Circuit says, we acknowledge that this is a difficult position to be in, district court. But if they refuse to conduct a mental examination, that doesn't mean that they're competent. In fact, a person who's mentally incompetent might very well refuse a mental examination, even though it's in their interest. So your option is to have a hearing, notice and hearing, determine whether a guardian ad litem be appointed. Okay, I get your point. Thank you, Your Honor. Thank you, Mr. Torrance. Your case is under submission. And we notice and appreciate the fact that you're appointed pro bono counsel, and we appreciate your willingness to take on the appointment. You've done a nice job on behalf of your client. Thank you, Your Honor.